**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| JAMES WEST, JR., ) | |
| ID # 12066861, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:13-CV-5049-G-BH |
| ) | |
| DALLAS POLICE DEPARTMENT, et. al, ) | |
|     Defendants. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this pro se prisoner case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute.

**I. BACKGROUND**

On December 30, 2013, the *pro se* plaintiff filed a handwritten letter complaining about the Dallas Police Department and the Dallas County District Attorney's office that was liberally construed as a civil complaint under 42 U.S.C. § 1983. (*See* doc. 3.) On that same date, the Court sent him initial instructions for proceeding as a *pro se* plaintiff. (doc. 2). By order dated January 3, 2014, the Court notified the plaintiff that the complaint had not been filed on the proper form and that no filing fee or request to proceed *in forma pauperis* (IFP) had been submitted. The order gave him thirty days to submit his complaint on the correct form and to pay the filing fee or submit an IFP motion. (doc. 4.) On January 14, 2014, the initial instructions mailed to the plaintiff on December 30, 2013, were returned with a notification that he was not at the Dallas County jail. (doc. 5.) On January 17, 2014, the January 3, 2014 order was returned with the same notation. (doc. 6.) It appears that the plaintiff has changed addresses without notifying the Court.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  The plaintiff failed to notify the Court that his address has changed, and he has filed nothing further with the Court since filing his initial complaint on December 30, 2013.  Because the plaintiff has failed to show that he intends to proceed with this case, it should be dismissed under Rule 41(b) for failure to prosecute.

## III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute.

**SO RECOMMENDED** on this 24th day of January, 2014.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE